UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR BERAHA,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                Defendants. | 3:17-cv-00366-RCJ-CBC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Arthur Beraha ("Beraha") against Defendants James Dzurenda, William Reubart, William Gittere, Inmate Calling Solutions, LLC ("ICS"), CenturyLink doing business as Embarq Payphone Services, Inc. ("CenturyLink"), Renee Baker, and John Does. Currently pending before the Court is the proposed intervenor's ("Intervenors") joint motion to intervene. (ECF No. 69.) Beraha did not oppose the joint motion, (ECF No. 70), however, Defendants Dzurenda, Reubart, Gittere, and Baker (collectively referred to as the relevant "Defendants") did oppose the joint motion. (ECF No. 71.) The Intervenors replied. (ECF No. 75.) Having thoroughly reviewed the record and papers, the Court hereby recommends the Intervenors' motion to intervene be denied.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

    **A.      Procedural History**

Beraha is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at Ely State Prison ("ESP") in Ely, Nevada. (ECF No.

---

[1] This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

10.) Proceeding *pro se*, Beraha filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging various claims against Defendants. (*Id.*)

Pursuant to 28 U.S.C. § 1915A(a), the Court screened Beraha's amended complaint on June 15, 2018. (ECF No. 12.) Subsequently Beraha fied a motion for partial reconsideration (ECF No. 13), which the Court granted. (ECF No. 15.) The Court determined the following claims stated a cause of action: (1) Count I alleging due process claims for property violations and statutory authority against Defendant Dzurenda; (2) Count II alleging free exercise, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and equal protection violations against Defendants Dzurenda, Gittere, and Reubart[2]; (3) the portions of Count III alleging federal telecommunications violations against Defendants CenturyLink and ICS; (4) the portions of Count III alleging state law violations of Nevada's Deceptive Trade Practices Act and Nevada's Revised Statute ("NRS") §§ 41.130 and 41.600 against Defendants CenturyLink and ICS; and, (5) Count IV alleging free exercise, RLUIPA, and equal protection violations against Defendants Dzurenda, Gittere, Reubart and Baker. (*Id.*; *see also* ECF No. 12.)[3]

### B. Facts Related to Count I

Prior to July 1, 2015, the Nevada Legislature enacted Nevada Revised Statute ("NRS") § 209.247(5), permitting the NDOC director to withdraw funds from an inmate's account and put money in a savings account for the inmate. (ECF No. 10 at 3-4.) The funds were to be used upon the inmate's release or for expenses related to their funeral costs should they die before release. (*Id.*) Administrative Regulation ("AR") 258, effective between July 1, 1997, and July 31, 2001, notified inmates the NDOC would deduct $200 from their accounts for the savings account. (*Id.* at 4.)

---

[2]   Defendants Gittere and Reubart were later substituted into the case in place of Tim Filson and Harold Bryne. (ECF No. 42.)

[3]   The only count at issue in the present motion is Count I. Thus, the Court will only discuss those facts relevant to Count I herein.

Beraha believed no future deductions would occur under the statute or AR once this amount was obtained. (*Id.*) However, between June 15, 2015, and July 15, 2015, he discovered Dzurenda had withdrawn additional money from Beraha's personal trust account to put into the savings account. (*Id.*) On July 19, 2015, Dzurenda implemented a temporary, revised version of AR 258 which increased the savings amount to $400. (*Id.*) After August 1, 2015, prison officials put a copy of the revised regulations in the ESP law library. (*Id.*)

Beraha alleges he had a protectable property interest in the money deposited into his trust account and Dzurenda "arbitrarily, negligently, and/or intentionally" deducted money from his trust account without prior notice in violation of his due process rights. (*Id.* at 5.) He does not challenge the initial $200 withdrawal, rather, he alleges Dzurenda lacked authority to modify the account. (*Id.*) Furthermore, he alleges NRS § 209.247(5) does not apply to him because he is a death-sentenced inmate with no reasonable expectation of release. (*Id.*) Finally, he alleges the statute is unconstitutionally vague in violation of the Fourteenth Amendment. (*Id.* at 3.)

### C.    Proposed Intervenors' Joint Motion to Intervene

On February 4, 2019, forty-four (44) inmates ("Intervenors") in the custody of the NDOC and housed at ESP in the Condemned Men's Unit ("CMU") filed a motion to intervene. (ECF No. 69.) The Intervenors seek to assert a claim against Dzurenda, contending he lacks statutory authority to apply NRS § 209.247(5) to inmates sentenced to death, and the statute is unconstitutionally vague and overbroad as applied. (*Id.* at 2.) In the motion, they argue they should be allowed to intervene because: (1) they have several interests implicated in this matter such as preventing the state from depriving them of their money with due process of law and ensuring the NDOC acted within its' statutory grant of authority; (2) their ability to protect their interests will be impaired if they are not permitted to intervene since the outcome of Beraha's case may restrict the Intervenors' ability to bring a later independent action; (3) Beraha's representation of the Intervenors is inadequate since Beraha is proceeding *pro se*; and, (4) the motion is

timely since Defendants Dzurenda, Gittere, and Reubart, only filed their answer (ECF No. 68) on January 28, 2019, and no discovery scheduling order has been entered. (ECF No. 69 at 4-7.)

Beraha did not oppose the motion to intervene. (ECF No. 70.) However, in response, Defendants did file a motion in opposition arguing leave to intervene is inappropriate because: (1) the Intervenors' interests are adequately represented by the existing parties; (2) the Intervenors' retain the ability to bring suit and seek an appropriate remedy regardless of the outcome of Beraha's case and other inmates may be equally impacted by the outcome of Beraha's case, but the Intervenors do not represent them; (3) as a *pro se* litigant, Beraha cannot represent a class; and, (4) it appears that Beraha is acting as class counsel giving rise to a conflict of interest. (ECF No. 71 at 2-3.)

In reply, the Intervenors argue: (1) their interest are not being adequately represented; and, (2) their legal work is not being completed by Beraha, however, even if it was, *Graham v. Perez*, 121 F. Supp. 317 (S.D.N.Y. 2000) does not stand for the contention that inmates are inappropriate class counsel as Defendants assert. (ECF No. 75 at 1-3.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a), a court must permit any party to intervene in a lawsuit who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See* Fed. R. Civ. P. 24(a)(2). The rule is broadly construed in favor of intervention. *See Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997), *cert. denied*, 524 U.S. 926 (1998). The Ninth Circuit employs four criteria to determine whether intervention under Rule 24(a) is appropriate: (1) the motion to intervene must be timely; (2) the applicant must have a significantly protectable interest related to the property or transaction that is the subject

of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and, (4) the applicant's interest must be inadequately represented by the existing parties.  See *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  The burden falls on the applicant to show all of the requirements for intervention have been met.  *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

### III.  DISCUSSION

#### A.  Timeliness of the Motion

Timeliness is the threshold requirement for intervention.  *Morazan v. Aramark Uniform & Career Apparel Group, Inc.*, 131 U.S. Dist. LEXIS 125623, 2013 WL 4734061, at *3 (N.D. Cal., Sep. 3, 2013) (quotation omitted).  Courts generally consider the following factors relevant to the issue of timeliness: the stage of the proceedings at the time the applicant seeks to intervene; prejudice to the existing parties from applicant's delay in seeking leave to intervene; and any reason for and the length of delay in seeking intervention i.e. how long the prospective intervenors' knew or reasonably should have known of their interest in the litigation.  *United States v. State of Washington*, 86 F.3d 1499, 1502-03 (9th Cir. 1996).

##### 1.  Stage of the Proceedings

Nineteen (19) months have elapsed since Beraha filed his initial complaint in June of 2017 and the Intervenors filed their motion to intervene in February of 2019.  (ECF Nos. 1, 69.)  Seven (7) months have elapsed since Beraha's first amended complaint (ECF No. 10) was screened by this Court and allowed to proceed.  (ECF No. 12.)  Notably, seven days have elapsed after Defendants filed their answer (ECF No. 68) and the Intervenors filed their motion to intervene.  (ECF No. 69.)

Although discovery has not yet commenced, there have been numerous motions filed in this case and the Court has significantly engaged the issues.  (*See* ECF Nos. 2, 4, 5, 8, 11, 13, 18, 20, 24, 29, 31, 35, 38, 39, 43, 44, 52, 64.)  Accordingly, this is a situation in which proceedings in the case have advanced to the point where intervention

is inappropriate. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (affirming denial of motion to intervene where there had been multiple proceedings, including a partial grant of summary judgment).

### 2.  Prejudice to the Parties

The issue of prejudice to the existing parties is the most important consideration in deciding whether a motion for intervention is untimely. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (citing to *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)). When "a lot of water [has] already passed underneath [the] litigation bridge," a motion to intervene is properly denied. *League of United Latin Am. Citizens*, 131 F.3d at 1303. Although not as much water has passed under the litigation bridge in this case as had passed in *League of United Latin American Citizens*, there has been a fair amount of work done thus far. The court has adjudicated a motion to sever (ECF No. 44) and two motions to dismiss (ECF Nos. 43, 64). While the Court would entertain amendments with good cause, the pleadings have basically been set and all pre-answer motions have been litigated.

Intervention will unduly delay and prejudice the adjudication of the original parties' case. *See* Fed. R. Civ. P. 24(b)(3). The inclusion of forty-four (44) additional parties would "necessitate the consideration of extraneous legal and factual issues that [Beraha's] lawsuit would not otherwise invoke." *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 414 (N.D. Cal. 2004). Moreover, it is far from clear that Beraha and the forty-four (44) intervenor's interests will always align as each have an independent financial interest in the case. Additionally, judicial economy would suffer with the addition of forty-four (44) new parties because intervention would require a larger amount of discovery, push back deadlines, and delay the resolution of the existing case. *See Hanni v. Am. Airlines, Inc.*, No. 08-cv-00732-CW, 2010 U.S. Dist. LEXIS 3410, 2010 WL 289297, at *7 (N.D. Cal. 2010).

### 3. Reason and Length of Delay

The applicant seeking intervention must provide a reason for its delay in seeking to enter the case. *United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 1990). Particularly, the would-be intervenor must supply a reason for the delay when it has had reason to know that its interests might be adversely affected by the outcome of the litigation. *Id.* The applicants' failure to adequately explain the reason for its delay in moving to intervene may weigh even more heavily than the delay itself in finding the motion untimely. *League of United Latin Am. Citizens*, 131 F.3d at 1304. When considering the length of the delay, the court should look to the date the would-be intervenor realized its interests would not be adequately represented by the parties. *Officers for Justice v. Civil Serv. Comm'n*, 934 F.2d 1092, 1095 (9th Cir. 1991).

Here, the allegations in Count I of the first amended complaint, (ECF No. 10 at 3-6), are the same as in the initial complaint. (ECF No. 1 at 3-6.) The Intervenors therefore had cause to intervene in this case many months prior to bringing this motion. The Intervenors have not provided an explanation for this delay. (*See* ECF No. 69.) Rather, they rely on the date the first amended complaint was screened and the fact that the remaining Defendants filed their answer shortly before the motion to intervene to make their argument that the motion is timely. *Id.* at 7. Not only does this ignore the explanation requirement, it also fails to consider the numerous actions already taken in this case.

Because all three factors weigh against a finding of timeliness, the Court recommends the Intervenors' motion was not timely filed. Therefore "[we] need not reach any of the remaining elements of Rule 24." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

### IV. CONCLUSION

Based upon the foregoing, the Court recommends the Intervenors' motion to intervene be denied. The parties are advised:

7

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Intervenors' motion to intervene (ECF No. 69) be **DENIED**.

DATED: 5/8/2019

_____
UNITED STATES MAGISTRATE JUDGE