UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR BERAHA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　Defendants. | 3:17-cv-00366-RCJ-CBC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Arthur Beraha ("Beraha") against Defendants James Dzurenda, William Reubart, William Gittere, Inmate Calling Solutions, LLC ("ICS"), CenturyLink doing business as Embarq Payphone Services, Inc. ("CenturyLink"), Renee Baker, and John Does (collectively referred to as "Defendants"). Currently pending before the Court are a motion to dismiss filed by Defendant CenturyLink, (ECF No. 43), and a motion to dismiss filed by Defendant ICS. (ECF No. 64.) Beraha opposed the motions, (ECF Nos. 58, 66), and CenturyLink and ICS replied. (ECF Nos. 60, 67.) Having thoroughly reviewed the record and papers, the Court hereby recommends CenturyLink and ICS' motions to dismiss be granted.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

　　A.   **Procedural History**

Beraha is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at Ely State Prison ("ESP") in Ely, Nevada. (ECF No. 10.) Proceeding *pro se*, Beraha filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging various claims against Defendants. (*Id.*)

---

[1]   This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Pursuant to 28 U.S.C. § 1915A(a), the Court screened Beraha's amended complaint on June 15, 2018. (ECF No. 12.) Subsequently Beraha filed a motion for partial reconsideration (ECF No. 13), which the Court granted. (ECF No. 15.) The Court determined the following claims stated a cause of action: (1) Count I alleging due process claims for property violations and statutory authority against Defendant Dzurenda; (2) Count II alleging free exercise, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and equal protection violations against Defendants Dzurnda, Gittere, and Reubart[2]; (3) the portions of Count III alleging federal telecommunications violations against Defendants CenturyLink and ICS; (4) the portions of Count III alleging state law violations of Nevada's Deceptive Trade Practices Act and Nevada's Revised Statute ("NRS") §§ 41.130 and 41.600 against Defendants CenturyLink and ICS; and, (5) Count IV alleging free exercise, RLUIPA, and equal protection violations against Defendants Dzurenda, Gittere, Reubart and Baker. (*Id.*; *see also* ECF No. 12.)[3]

### B.    Facts Related to Count III

Between February 12, 2008, and December 31, 2016, CenturyLink was the principal party to a contract with the NDOC to provide inmate telephone services ("ITS") and systems at NDOC facilities. (ECF No. 10 at 9.) ICS was a subcontractor or agent of CenturyLink "whose responsibilities included, but were not limited to, providing the ITS system, technical support, maintenance and, point of sale . . . billing. (*Id.*)

Under NDOC's contract with CenturyLink, the ITS rate structure for intrastate calls was, upon call acceptance, a flat $1.65 surcharge plus thirteen (13) cents per minute after that. (*Id.* at 11.) Beraha does not challenge the rate structure, rather he alleges during this time, ICS's automated voice system represented calls were limited to fifteen minutes. (*Id.*) However, on five different occasions, CenturyLink or ICS's network

---

[2]    Defendants Gittere and Reubart were later substituted into the case in place of Tim Filson and Harold Bryne. (ECF No. 42.)

[3]    The only count at issue in the present motions is Count III. Thus, the Court will only discuss those facts relevant to Count III herein.

disconnected Beraha's phone call after six, three, one, and ten minutes. (*Id.* at 11-12.) Of these five phone calls, four were made intrastate and one was made interstate. (*Id.*)

Multiple inmates submitted inquiries regarding dropped calls during this time, raising the possibility calls were being intentionally dropped. (*Id.* at 12-13.) In response to the inquiries, NDOC officials contacted CenturyLink and/or ICS, who stated the calls were dropped for nonsecurity and nontechnical reasons. (*Id.* at 13.) Beraha alleges CenturyLink and ICS "failed to disclose, concealed, and suppressed a material fact from [Beraha] and other inmates, namely, that phone calls . . . would be intentionally and unnecessarily dropped for issues unrelated to security or technical concerns" prior to the fifteen-minute limit. (*Id.*) Furthermore, Beraha alleges CenturyLink and ICS improperly charged Beraha and other inmates for completed calls even when the calls were dropped early. (*Id.* at 14, 17.)

### C. Defendants' Motions to Dismiss

On November 20, 2018, CenturyLink filed a motion to dismiss. (ECF No. 43.) Subsequently, on January 1, 2019, ICS filed a motion to dismiss.[4] (ECF No. 64.) In the motions, CenturyLink and ICS argue: (1) the amended complaint fails to state a claim regarding alleged violations of the Telecommunications Act ("the Act"), because Beraha has not alleged facts that can be adjudicated under the Act as it only applies to interstate calls, not intrastate, and the FCC has not ruled on the practice of dropping calls outside of the rate structure, which he does not challenge; (2) the amended complaint fails to state a claim as to the remaining claims, because he has not pled facts supporting the allegations, providing only a conclusory list; (3) this Court lacks jurisdiction over the primary claim related to an alleged violation of the Federal Communications Act, because Beraha failed to seek and obtain the required FCC review prior to initiating suit;

---

[4] The motions make identical arguments and, in turn, Beraha's responses also make identical arguments. Therefore, the Court addresses the two motions to dismiss together.

3

1  and, (4) Beraha is barred from representing other prisoners or a class of prisoners.
2  (ECF Nos. 43 at 3-11; 64 at 3-10.)

3  In response, Beraha filed an opposition arguing dismissal of CenturyLink and ICS
4  is inappropriate because: (1) both per call charges and the associated practice of
5  dropped calls that incur per call charges were declared unjust and unreasonable by the
6  FCC in their 2013 and 2015 Orders, thus Beraha did not need to seek the FCC's opinion
7  before filing suit; (2) this Court does not have the subject matter jurisdiction to review or
8  invalidate FCC orders as that is solely the prerogative of the Ninth Circuit Court of
9  Appeals; (3) it does not matter the calls were made before the 2015 FCC Order because
10 Beraha separately relies on the 2013 FCC Interim Order; (4) numerous dropped calls
11 amongst inmates were identified in the FAC, therefore allowing the inference
12 CenturyLink and ICS engaged in a discrete practice of dropping calls from 2012-2016;
13 (5) primary jurisdiction is inapplicable since the FCC already ruled the practice of
14 dropping calls is unjust and unreasonable; and, (6) Count III sets forth sufficient facts or
15 legal elements for relief. (ECF Nos. 58 at 7-21; 66 at 5-10.)

16 In reply, CenturyLink and ICS reiterate their prior arguments. In addition, they
17 argue: (1) Beraha misconstrues 47 U.S.C. § 276(b)'s application to the facts of this case,
18 because it does not broaden the FCC's authority to regulate intrastate calls, a fact
19 pronounced by the FCC itself; (2) the 2013 and 2015 FCC Orders do not relate to
20 Beraha's allegations because those proposed rules only apply to rates imposed by
21 carriers on interstate calls made after the 2015 Order went into effect, and neither
22 proposed rule opines on the practice of dropping calls; (3) the fraudulent
23 misrepresentation claim fails to allege CenturyLink engaged in the allegedly fraudulent
24 conduct; (4) the deceptive trade practices claim fails to allege sufficient underlying
25 wrongful conduct; (5) the unjust enrichment claim fails to allege that CenturyLink was
26 paid a fee or that they retained the benefit of that payment; and, (6) if the Court
27 dismisses the Act claim, the state law claims should be dismissed for lack of original
28 jurisdiction. (ECF Nos. 60 at 2-10; 67 at 2-7.)

## II. LEGAL STANDARD

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## III. DISCUSSION

### A. Telecommunications Act Claims

#### 1. FCC Determination Regarding the Practice of Dropping Calls

On September 26, 2013, the FCC released a "Report and Order and Further Notice of Proposed Rulemaking," ("2013 Order"). 28 FCC Rcd. 14107 (2013). In the 2013 Order, the FCC adopted interim safe harbor rates and an interim hard cap on ICS providers' rates for interstate calls, citing "its plenary authority over interstate calls under § 201(b) and its mandate to ensure that providers are 'fairly compensated' under § 276." *See Global Tel*Link v. FCC*, 866 F.3d 397, 405 (D.C. Cir. 2017). The FCC

5

further addressed the interim rate structure regarding "per-call charges that may be unjust, unreasonable, and unfair because callers are often charged more than one per-call charge for a single conversation when calls are dropped . . ." 28 FCC Rcd. 14107, 14154-14156. The FCC determined unnecessarily dropped calls that incur multiple per-call charges are not just and reasonable. *Id.* However, this finding was expressly limited to the rate structure rather than the practice of dropping calls itself. *Id.*

On November 5, 2015, the FCC released a "Second Report and Order and Third Further Notice of Proposed Rulemaking" ("2015 Order"). 30 FCC Rcd. 12763 (2015). In the 2015 Order, the FCC adopted rate caps that apply to all interstate and intrastate ICS and excluded site commission costs from the rate caps. *Id.* at 12775-76, 12818-62. Here, too, the FCC addressed dropped calls exclusively within the context of rate structures rather than the practice of dropping calls. *Id.* at 12810-13.

Beraha explicitly states "[he] does not challenge the filed rate structure." (ECF No. 10 at 11, ¶ 5.) Rather, he challenges the practice of dropping calls itself. (*Id.* at 14-17.) Currently, there is no FCC determination on the practice of dropping calls outside of the rate structure. Thus, Beraha is not entitled to rely on either the 2013 or the 2015 Orders and was required to seek an FCC determination before initiating suit.

### 2. The Court's Jurisdiction Over Federal Communications Act Violations

Title 47 U.S.C. § 201(b) of the Federal Communications Act ("FCA"), provides "[a]ll charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust and unreasonable is declared to be unlawful." Beraha's theories of liability appear to be that 47 U.S.C. § 207 provides him with a private right of action for damages resulting from CenturyLink and ICS' alleged violations of § 201(b). Section 207 provides, "[a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the [Federal Communications] Commission, or may bring suit for the recovery of the

damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies."

However, a prerequisite to filing suit for a violation of § 201(b) is that a determination must have been made by the FCC that the practice in question is unjust or unreasonable. The Ninth Circuit has held the FCC first has to make such a determination before courts can find a violation of § 201(b). *North Cnty. Comm'n Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1158 (9th Cir. 2010). "[I]t is within the Commission's purview to determine whether a particular practice constitutes a violation for which there is a private right of compensation. *Id.* at 1160; *see also Metrophones Telecomm. V. Global Crossing Telecomm.*, 423 F.3d 1056, 1065 (9th Cir. 2005); *Higdon v. Pac. Bell Tel. Co.*, No. C 08-03526, 2010 U.S. Dist. LEXIS 40300, 2010 WL 1337712, at *1 (N.D. Cal., Apr. 2, 2010) (dismissing § 201(b) claim because the FCC had not made a determination whether the challenged practice was unjust or unreasonable).

Here, there is no indication that Beraha has sought a determination from the FCC regarding the unfairness or unreasonableness of CenturyLink or ICS's alleged wrongful conduct. Additionally, as discussed above, there is no current FCC determination regarding whether the practice of dropping calls outside of the rate structure is unjust and unreasonable. Therefore, the Court cannot find a violation of § 201(b) and recommends these claims be dismissed with prejudice. *North Cnty. Comm'n Corp.*, 594 F.3d at 1158.[5]

### B. Remaining Claims

The Court has supplemental jurisdiction over state-law "claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. § 1367(a). However, a federal court may

---

[5] Since Beraha has failed to meet this threshold requirement, the Court will not address the remaining arguments regarding the Telecommunications Act claims.

decline to exercise supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c)(1)-(4).

If the Court determines one or more of these conditions exists, it must then consider whether exercising jurisdiction would ultimately serve "the principles of judicial economy, procedural convenience, fairness to litigants, and comity . . ." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). When the balance of these factors indicates a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Carnegie-Mellon University*, 484 U.S. at 350 (internal citation omitted). In the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered will point toward declining to exercise jurisdiction over the remaining state law claims. *Id.* at 350 n. 7.

The only claims remaining against CenturyLink and ICS are state law claims alleging violations of Nevada's Deceptive Trade Practices Act and NRS §§ 41.130 and 41.600. (ECF No. 10.) Having found that no federal claim against CenturyLink and ICS can proceed, this Court no longer has a claim to which it has original jurisdiction. Beraha does not object to CenturyLink or ICS's arguments that the Court need not exercise supplemental jurisdiction, instead solely arguing his state law claims state sufficient facts to survive rule 12(b) scrutiny. (ECF No. 58.) Thus, this Court recommends supplemental jurisdiction be denied as it pertains to Beraha's state law claims.

## IV. OTHER PENDING MOTIONS

In light of this Report and Recommendation dismissing all of Eeraha's claims against CenturyLink and ICS, CenturyLink's motion to sever (ECF No. 44) is moot, and the Court recommends it be denied on that basis.

## V. CONCLUSION

Based upon the foregoing, the Court recommends CenturyLink (ECF No. 43) and ICS's (ECF No. 64) motions to dismiss be granted. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant CenturyLink's motion to dismiss (ECF No. 43) be **GRANTED** as follows: Count III be **DISMISSED** with prejudice as to Plaintiff's Telecommunications Act claim; Count III be **DISMISSED** with prejudice as to Plaintiff's state tort claims;

**IT IS THEREFORE RECOMMENDED** that Defendant ICS's motion to dismiss (ECF No. 64) be **GRANTED** as follows: Count III be **DISMISSED** with prejudice as to Plaintiff's Telecommunications Act claim; Count III be **DISMISSED** with prejudice as to Plaintiff's state tort claims;

**IT IS FURTHER RECOMMENDED** that Defendant CenturyLink's motion to sever (ECF No. 44) be **DISMISSED** as moot; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** as to Defendants CenturyLink and ICS.

DATED: 5/8/2019

_____
UNITED STATES MAGISTRATE JUDGE