AARON D. FORD
 Attorney General
DENNIS W. HOUGH, Bar No. 11995
 Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1254
E-mail: dhough@ag.nv.gov

*Attorneys for Defendants*
*James Dzurenda, Renee Baker,*
*William Gittere, and William Reubart*



# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA  *ORDER*

ARTHUR JULIUS-GREEN BERAHA
aka TRAVERS A. GREEN,

        Plaintiff,

v.

STATE OF NEVADA, et al.,

        Defendants.

Case No. 3:17-cv-00366-RCJ-CBC

**MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, James Dzurenda, Renee Baker, William Gittere, and William Reubart, by and through Counsel Aaron D. Ford, Attorney General of the State of Nevada, and Dennis W. Hough, Deputy Attorney General, hereby moves this Honorable Court for an enlargement of time to respond to Plaintiff's Interrogatories and Request for Production of Documents.

This Motion is based on the following Memorandum of Points and Authorities and the papers and pleadings on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   FACTS AND RELEVANT PROCEDURAL HISTORY**

Plaintiff Arthur Julius-Greene Beraha, (hereinafter Beraha), filed his First Amended Complaint on January 11, 2018 (ECF No. 10). The Court issued a Screening Order on June 15, 2018 (ECF No. 12). On July 25, 2018, Plaintiff Beraha filed a Motion to Defer Early Inmate Mediation Program. The Court granted Beraha's request in a Minute Order filed August 30, 2018 (ECF No. 23), end excluded the case

from the inmate mediation program, because of Count III alleging improper trade practices on the part of IC Solutions, et al, which provides inmate calling services.

Since that time a Judgment was filed in favor of Century Link, IC Solutions (ECF No. 85). A Scheduling Order was completed on June 3, 2019, (ECF No. 87), and Discovery has proceeded. Defendants request a thirty (30) day Extension of Time to complete Answers to Interrogatories, and Production of Documents. Counsel for Defendants has had a number of competing demands, and has some difficulty getting financial information Plaintiff has requested from its Client. The requested Extension of Time will not unduly prejudice the Plaintiff, and will result in Plaintiff obtaining the information he requests.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

///

### III. CONCLUSION

Defendants' counsel requires additional time to complete the Response to Interrogatories, and the Production of Documents, Defendants respectfully request that this Honorable Court grant their motion and extend the due date for Interrogatories and Production of Documents by thirty (30) days.

DATED this 10th day of July, 2019.

AARON D. FORD
Attorney General

By: _____
DENNIS W. HOUGH, Bar No. 11995
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: 7/11/2019