AARON D. FORD
Attorney General
KATLYN M. BRADY Bar No. 14173
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Suite 3900
Las Vegas, Nevada 89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
katlynbrady@ag.nv.gov

*Attorneys for Defendants
Renee Baker, James Dzurenda,
William Gittere and William Reubart*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR JULIUS-GREEN BERAHA fka TRAVERS A. GREEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 3:17-cv-00366-RCJ-CLB<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE SUMMARY JUDGMENT MOTION**<br><br>(First Request) |

Defendants, Renee Baker, James Dzurenda, William Gittere, and William Reubart, by and through counsel Aaron D. Ford, Attorney General of the State of Nevada, and Katlyn M. Brady, Deputy Attorney General, requests this Court grant a thirty (30) day extension of time to file a summary judgment motion.

## INTRODUCTION

This Court should grant Defendants' motion for an extension of time to file a summary judgment motion. On November 19, 2019, undersigned counsel was assigned to represent the Defendants in this matter because the previous Deputy Attorney General unexpectedly left the Office of the Nevada Attorney General. Further, due to the

Thanksgiving holiday, undersigned counsel will be unable to complete a review of the record and prepare a summary judgment motion before the deadline of December 2, 2019.

## BACKGROUND

On January 18, 2018, Plaintiff filed the First Amended Complaint. ECF No. 10. On June 15, 2018, this Court filed its screening order. ECF No. 12. This Court allowed the following claims to proceed:

- Count I alleging a due process violation and a statutory violation against former Director Dzurenda. ECF No. 12 at 12:14-17.
- Count II, alleging free exercise, FLUIPA, and equal protection violations against former Director Dzurenda, former Warden Filson, and Bryen. *Id.* at 12:18-19.
- Count III, alleging federal telecommunication violations against Century Link, EPSI, and ICS. Further, Count III alleged a violation of Nevada's Deceptive Trade Practices Act against Century Link, EPSI and ICS. *Id.* at 12:21-24.

On June 3, 2019, this Court entered its scheduling order. ECF No. 87. The original deadline for dispositive motions was October 2, 2019. ECF No. 87 at 3:27-27 – 4:1.

On September 26, 2019, Plaintiff filed the Second Amended Complaint. ECF No. 105. Plaintiff alleged the following claims:

- Count I alleged a due process violation and statutory violation claim against former Director Dzurenda, in his official capacity only. *Id.* at 2-4.
- Count II alleged religious claims against former Director Dzurenda, William Gittere, and William Reubart. *Id.* at 5-7.
- Count III alleged religious claims regarding the ALEPH Institute against former Director Dzurenda and William Gittere. *Id.* at 7-9.

Defendants filed an answer on October 17, 2019. ECF No. 108.

Plaintiff previously filed two requests to enlarge the discovery period. ECF No. 98 (noting it was Plaintiff's second request). On September 26, 2019, this Court granted

Plaintiff's motion and extended discovery. ECF No. 104. This Court noted no further discovery extensions would be granted. *Id.*

On November 19, 2019, undersigned counsel was assigned to represent James Dzurenda, Renee Baker, William Gittere, and William Reubart. Undersigned counsel promptly filed a notice of change of Deputy Attorney General. ECF No. 111. This change was prompted by the sudden, and unexpected, resignation of Deputy Attorney General Matthew J. Frauenfeld. *See* Declaration of counsel.

On November 25, 2019, undersigned counsel engaged in a meet and confer with Plaintiff regarding the dispositive motion deadline. *See* Declaration of Counsel. However, Plaintiff has refused to agree to extend the dispositive motion deadline. *Id.* Plaintiff explained that because he already prepared his motion for summary judgment, he was not inclined to allow Defendants extra time to prepare their motion.

Defendants now request this Court grant a thirty (30) day extension of the dispositive motion deadline.

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), this Court may extend the time to perform an act within a specific time for good cause shown. Similarly, FRCP 16(b)(4) permits a court to modify a scheduling order for good cause. The good cause inquiry focuses on the moving party's diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Local Rule 26-4 requires all motions to extend a deadline set forth in a scheduling order to be filed no later than 21 days before the expiration of the subject deadline. "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

///
///
///
///

## LEGAL ARGUMENT

This Court should grant Defendants' motion to extend the dispositive motion deadline.

### A. Defendants Provide the Following Information Pursuant to LR 26-4.

**First**, the following discovery has been completed to date (LR 26-4(a):

- Director Dzurenda has responded to two sets of Requests for Admissions, responded to three sets of Production of Document Requests and one set of Interrogatories.
- Warden Gittere has responded to one set of requests for admissions.
- The Defendants, collectively, have responded to one set of requests for admissions (document authentication requests) and a request for the Production of Documents

**Second**, the only outstanding discovery issue is Plaintiff's pending motion to compel discovery directed at Wells Fargo, ECF No. 112. LR 26-4(b). However, during a telephonic meet and confer, Plaintiff stated he did not believe this pending motion would impact the dispositive motions. *See* Declaration of Counsel.

**Third**, the reason the current dispositive motion deadline cannot be met is the sudden, and unexpected, resignation of the previous Deputy Attorney General Matthew J. Frauenfeld. *See* Declaration of Counsel. It was expected that DAG Frauenfeld would complete the dispositive motion before the December 2, 2019 deadline. However, DAG Frauenfeld, unexpectedly resigned his position, which required that this matter be reassigned to undersigned counsel. Undersigned counsel received this matter on November 19, 2019.

Further, due to the upcoming Thanksgiving Holiday, the Office of the Nevada Attorney General will be closed on November 28th and 29th. The closure of the office further impacts undersigned counsel's ability to complete a dispositive motion before the December 2, 2019 deadline.

Fourth, Defendants propose the following schedule:

- **Dispositive motions** due Thursday, January 2, 2020
- **Joint Pretrial Order** shall be filed no later than Monday, February 3, 2020, or thirty (30) days after the decision of any pending dispositive motions

### B. Excusable Neglect and Good Cause Support an Extension

This Court should find that excusable neglect and good cause support an extension of time. Excusable neglect exists for failing to comply with the 21 day requirement set out in LR 26-4. Undersigned counsel did not receive this case until November 19, 2019. Accordingly, undersigned counsel could not comply with LR 26-4 because she was unaware that she would receive this matter until the deadline had passed. Further, the Office of the Nevada Attorney General could not take steps before the deadline to reassign the matter, as Matthew Frauenfeld's resignation was sudden and unexpected.

Further, since receiving this matter, undersigned counsel has diligently attempted to familiarize herself with this matter. This includes arranging a telephonic meet and confer with Plaintiff to discuss the dispositive motion deadline and the pending motion to compel. Accordingly, good cause exists for an extension.

Finally, Defendants will be prejudiced without an extension. Without an extension, Defendants will be unable to present a motion for summary judgment in their favor. Accordingly, Defendants will be prejudiced, through no fault of their own, if an extension is not granted.

### CONCLUSION

This Court should grant an extension of the dispositive motion deadline. Excusable neglect exists for the extension due to the sudden, and unexpected, resignation of the DAG previously assigned to this matter. Further, good cause exists because undersigned

///
///
///
///

1  Counsel has diligently worked on this matter since receiving the assignment, but will be
2  unable to complete the motion for summary judgment.
3  DATED this 26th day of November, 2019.

Respectfully submitted,

AARON D. FORD
Attorney General

By: /s/ Katlyn M. Brady
KATLYN M. BRADY, Bar No. 14173
Deputy Attorney General
*Attorneys for Defendants*

## ORDER

**IT IS SO ORDERED.** Defendants shall have until January 2, 2020, to file a Motion for Summary Judgment.

Dated this 3rd day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on November 26, 2019 I electronically filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada to the following:

Arthur Julius-Greene Beraha, #48494
Ely State Prison
P.O. Box 1989
Ely, NV 89301

/s/ Mary Pizzariello
An employee of the Office
of the Attorney General

# ATTACHMENT

## Declaration of Counsel

# ATTACHMENT

AARON D. FORD
Attorney General
KATLYN M. BRADY Bar No. 14173
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Suite 3900
Las Vegas, Nevada 89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
katlynbrady@ag.nv.gov

*Attorneys for Defendants
Renee Baker, James Dzurenda,
William Gittere and William Reubart*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR JULIUS-GREEN BERAHA fka TRAVERS A. GREEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 3:17-cv-00366-RCJ-CLB<br><br>**DECLARATION OF COUNSEL** |

### DECLARATION OF KATLYN M. BRADY

I, Katlyn M. Brady, being first duly sworn under oath, deposes and states as follows:

1. I am an attorney licensed to practice law in all courts within the State of Nevada, and am employed as a Deputy Attorney General in the Office of the Nevada Attorney General. I have been assigned to represent Defendants in *Green v. State of Nevada, et al.*, Case No. 3:17-cv-00366-RCJ-CLB and as such, have personal knowledge of the matters contained herein.

2. The deadline to file dispositive motions is December 2, 2019.

1

3. Due to the sudden, and unexpected, resignation of Matthew J. Frauenfeld, I was assigned to represent the Defendants on November 19, 2019.

4. After receiving this assignment, I promptly filed a notice of change of Deputy Attorney General. I also began the process of arranging a meet and confer to discuss the dispositive motion deadline with Plaintiff.

5. On November 25, 2019, I conducted a meet and confer with Plaintiff to discuss extending the dispositive motion deadline. Plaintiff informed me he was not willing to extend the dispositive motion deadline. Plaintiff explained that he did not believe his pending motion to compel would affect dispositive motions as he intended to use the documents at trial instead. Further, Plaintiff explained he was not willing to provide the Defendants additional time "to get his case dismissed[.]" I explained to Plaintiff that I believed good cause and excusable neglect existed because I had just inherited this case and needed time to review all of the discovery documents. Plaintiff again refused to agree to an extension and I informed him I would then file a motion to extend the deadline.

6. I have begun reviewing all of the discovery provided in this matter, as well as reviewing the Second Amended Complaint and the legal issues presented. However, due to the short time frame, and the upcoming Thanksgiving holiday, I am unable to complete Defendants' motion for summary judgment before December 2, 2019. Further, the Office of the Nevada Attorney General will be closed from November 28th to November 29th. This will further impact my ability to complete the motion for summary judgment.

7. I am requesting this enlargement of time due to excusable neglect, and affirm that I am not engaging in purposeful delay.

Executed on this 26th day of November, 2019.

*/s/ Katlyn M. Brady*
Katlyn M. Brady (Bar No. 14173)