AARON D. FORD
Attorney General
KATLYN M. BRADY Bar No. 14173
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Suite 3900
Las Vegas, Nevada 89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
katlynbrady@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, James Dzurenda,*
*William Gittere and William Reubart*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA  *ORDER*

ARTHUR JULIUS-GREEN BERAHA
fka TRAVERS A. GREEN,

    Plaintiff,

v.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 3:17-cv-00366-RCJ-CLB

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE A REPLY IN SUPPORT OF SUMMARY JUDGMENT**

**(FIRST REQUEST)**

Defendants, Renee Baker, James Dzurenda, William Gittere, and William Reubart, by and through counsel Aaron D. Ford, Attorney General of the State of Nevada, and Katlyn M. Brady, Deputy Attorney General, requests this Court grant a thirty (30) day extension of time to file a Reply in Support of Summary Judgment.

## INTRODUCTION

This Court should grant Defendants' Motion for an Extension of Time to file a Summary Judgment. As Beraha filed an untimely opposition, Defendants' Reply in Support of Summary Judgment is due in the middle of undersigned counsel's trial preparation. Accordingly, Defendants' respectfully request an extension of time until after trial to file a reply.

1

## BACKGROUND

On January 18, 2018, Plaintiff filed the First Amended Complaint. ECF No. 10. On June 15, 2018, this Court filed its screening order. ECF No. 12. This Court allowed the following claims to proceed:

- Count I alleging a due process violation and a statutory violation against former Director Dzurenda. ECF No. 12 at 12:14-17.
- Count II, alleging free exercise, FLUIPA, and equal protection violations against former Director Dzurenda, former Warden Filson, and Bryen. *Id.* at 12:18-19.
- Count III, alleging federal telecommunication violations against Century Link, EPSI, and ICS. Further, Count III alleged a violation of Nevada's Deceptive Trade Practices Act against Century Link, EPSI and ICS. *Id.* at 12:21-24.

On June 3, 2019, this Court entered its scheduling order. ECF No. 87. The original deadline for dispositive motions was October 2, 2019. ECF No. 87 at 3:27-27 – 4:1.

On September 26, 2019, Plaintiff filed the Second Amended Complaint. ECF No. 105. Plaintiff alleged the following claims:

- Count I alleged a due process violation and statutory violation claim against former Director Dzurenda, in his official capacity only. *Id.* at 2-4.
- Count II alleged religious claims against former Director Dzurenda, William Gittere, and William Reubart. *Id.* at 5-7.
- Count III alleged religious claims regarding the ALEPH Institute against former Director Dzurenda and William Gittere. *Id.* at 7-9.

Defendants filed an answer on October 17, 2019. ECF No. 108.

Plaintiff previously filed two requests to enlarge the discovery period. ECF No. 98 (noting it was Plaintiff's second request). On September 26, 2019, this Court granted Plaintiff's motion and extended discovery. ECF No. 104. This Court noted no further discovery extensions would be granted. *Id.*

On December 4, 2019, this Court granted Defendants' Motion for an Extension of Time to file a Motion for Summary Judgment. ECF No. 115. The extension was prompted by the sudden, and unexpected, resignation of the Deputy Attorney General previously assigned to this case. *See generally* ECF No. 113.

On January 2, 2020, Defendants filed a Motion for Summary Judgment. ECF No. 118. This Court's minute order stated Beraha had 21 days to file an opposition. ECF No. 120 at 3. Accordingly, Beraha's opposition was due January 23, 2020. However, the opposition was not filed with the Court until January 27, 2020. ECF No. 123. Accordingly, Defendants' reply is due February 10, 2020.

Undersigned counsel is lead counsel for a federal bench trial scheduled to begin February 20, 2020 for *Johnson v. Northern Nevada Correctional Center, et al.*, Case No. 2:15-cv-00884-JAD-NJK. *See* Declaration of Counsel, attached as Exhibit A. The trial brief, witness and exhibit list, and proposed findings of facts and conclusions of law are due February 14, 2020. Despite diligently working on both trial preparation and the reply, undersigned counsel has been unable to complete the reply. *See id.* Undersigned counsel's preparation was further impacted by a minute order requiring an Opposition to a Preliminary Injunction, due February 6, 2020 in Case No. 2:15-cv-00884-JAD-NJK. *Id.*

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), this Court may extend the time to perform an act within a specific time for good cause shown. Similarly, FRCP 16(b)(4) permits a court to modify a scheduling order for good cause. The good cause inquiry focuses on the moving party's diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Local Rule 26-4 requires all motions to extend a deadline set forth in a scheduling order to be filed no later than 21 days before the expiration of the subject deadline. "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect".

///

# LEGAL ARGUMENT

This Court should grant Defendants' Motion to Extend the Dispositive Motion deadline.

## A. Defendants Provide the Following Information Pursuant to LR 26-4.

**First**, the following discovery has been completed to date (LR 26-4(a):

- Director Dzurenda has responded to two sets of Requests for Admissions, responded to three sets of Production of Document Requests and one set of Interrogatories.
- Warden Gittere has responded to one set of requests for admissions.
- The Defendants, collectively, have responded to one set of requests for admissions (document authentication requests) and a request for the Production of Documents

**Second**, the only outstanding discovery issue is Plaintiff's pending motion to compel discovery directed at Wells Fargo, ECF No. 112. LR 26-4(b).

**Third**, the reason the current dispositive motion deadline cannot be met is undersigned counsel's participation in trial preparation for the February 20, 2020 federal bench trial in Las Vegas, Nevada. Further, on January 24, 2020, undersigned counsel received a minute order from the Honorable Judge Bouleware, requiring an opposition to a motion for a preliminary injunction. *Id.* The opposition was due February 6, 2020. *Id.*

Further, due to the continuing need for trial preparation, undersigned counsel will be unable to complete the reply by February 10, 2020.

**Fourth**, Defendants propose the following schedule:

- Defendants' Reply in Support of Summary Judgment due March 9, 2020.
- **Joint Pretrial Order** shall be filed no later than thirty (30) days after the decision of any pending dispositive motions

## B. Excusable Neglect and Good Cause Support an Extension

This Court should find that excusable neglect and good cause support an extension of time. Excusable neglect exists for failing to comply with the 21 day requirement set out

4

in LR 26-4. As reply briefs are due 14 days after the opposition, undersigned counsel could not comply with the 21 day requirement.

Further, good cause supports the extension based on undersigned counsel's participation in trial preparation and in drafting an unexpected opposition to a motion for a preliminary injunction. Despite diligently working on the opposition, trial preparation, and reply, undersigned counsel is unable to complete the reply before February 10, 2020.[1]

## CONCLUSION

This Court should grant an extension of the dispositive motion deadline. Excusable neglect exists because reply briefs are due 14 days after the opposition and thus counsel could not comply with the 21 day requirement. Counsel has diligently worked on this matter, but has been unable to complete the reply due to the unexpected opposition to a motion for preliminary injunction and trial preparation.

DATED this 7th day of February, 2020.

Respectfully submitted,

AARON D. FORD
Attorney General

By: /s/ Katlyn M. Brady
KATLYN M. BRADY, Bar No. 14173
Deputy Attorney General
*Attorneys for Defendants*

## ORDER

**IT IS SO ORDERED.** Defendants shall have until March 9, 2020, to file a Reply in Support of Summary Judgment.

Dated this 10th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Due to issues involving scheduling inmate phone calls and undersigned counsel's schedule, counsel was unable to arrange a telephonic meeting to discuss an extension. However, Plaintiff previously denied a request to extend the dispositive motion deadline.

5

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on February 7, 2020, I electronically filed the foregoing **DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE A REPLY IN SUPPORT OF SUMMARY JUDGMENT (FIRST REQUEST)**, via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada to the following:

Arthur Julius-Greene Beraha, #48494
Ely State Prison
P.O. Box 1989
Ely, NV 89301

/s/ Yolonda Laster
An employee of the Office
of the Attorney General

# EXHIBIT A

DECLARATION OF
KATLYN M. BRADY

EXHIBIT A

AARON D. FORD
  Attorney General
KATLYN M. BRADY Bar No. 14173
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Suite 3900
Las Vegas, Nevada 89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
katlynbrady@ag.nv.gov

*Attorneys for Defendants
Renee Baker, James Dzurenda,
William Gittere and William Reubart*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR JULIUS-GREEN BERAHA fka TRAVERS A. GREEN, | Case No. 3:17-cv-00366-RCJ-CLB |
| Plaintiff, | DECLARATION OF COUNSEL |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants. | |

### DECLARATION OF KATLYN M. BRADY

I, Katlyn M. Brady, being first duly sworn under oath, deposes and states as follows:

1. I am an attorney licensed to practice law in all courts within the State of Nevada, and am employed as a Deputy Attorney General in the Office of the Nevada Attorney General. I have been assigned to represent Defendants in *Green v. State of Nevada, et al.*, Case No. 3:17-cv-00366-RCJ-CLB and as such, have personal knowledge of the matters contained herein.

2. The deadline to file Defendants' Reply in Support of Summary Judgment is February 10, 2020.

3. On January 24, 2020, the Office of the Nevada Attorney General (OAG) a Minute Order directing Defendants to respond to a Motion for a Preliminary Injunction in *Silva v. Stogner*, Case No. 3:20-cv-00027-RFB-WGC. Defendants' Opposition was due February 6, 2020.

4. As undersigned counsel had not yet received Beraha's Opposition to the Motion for Summary Judgment, my calendar appeared clear and I was assigned to work on the Opposition.

5. I did not receive a copy of Beraha's Opposition until January 27, 2020. By then, I was working on the Opposition and trial preparation simultaneously.

6. Currently, undersigned counsel is lead defense counsel for a federal bench trial scheduled for February 20, 2020. The trial brief, witness and exhibit list, and proposed findings of fact and conclusions of law are due February 14, 2020.

7. Despite diligently working on all three matters, including working over weekends, counsel has been unable to complete the Reply in Support of Summary Judgment.

8. I am requesting this enlargement of time due to excusable neglect, and affirm that I am not engaging in purposeful delay.

Executed on this 7th day of February, 2020.

/s/ Katlyn M. Brady
Katlyn M. Brady (Bar No. 14173)